JOHNSTONE, Justice
(dissenting).
I respectfully dissent. The defendant, in effect, designed an unreasonably dangerous factory-floor layout and actively participated in reactivating an unreasonably dangerous machine. The fatal consequences were clearly foreseeable to the defendant.
The defendant’s position is analogous to that of an architect. An architect’s duty is defined as follows: Miller v. DeWitt, 59 Ill.App.2d 38, 91, 208 N.E.2d 249, 274 (1965), aff'd, in part, rev’d in part on other grounds, 37 Ill.2d 278, 226 N.E.2d 630 (1967), superseded by statute, Axen v. Ockerlund Constr. Co., 281 Ill. App.3d 224, 217 Ill.Dec. 24, 666 N.E.2d 693 (1996). “The duty of [an] architect is owed to any person lawfully on the premises; privity of contract is not required.” Francisco v. Manson, Jackson & Kane, Inc., 145 Mich.App. 255, 261, 377 N.W.2d 313, 317 (1985). See also Geer v. Bennett, 237 So.2d 311 (Fla.Dist.Ct.App.1970).
“An architect who plans and supervises construction work, as an independent contractor, is under a duty to exercise ordinary care in the course thereof for the protection of any person who fore-seeably and with reasonable certainty may be injured by his failure to do so....”